HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTH SEATTLE HEALTH CENTER CORP, a Washington Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, a Foreign Corporation,<br><br>Defendant. | NO. 2:14-cv-01680-JAR<br><br>**MOTION FOR CONTEMPT AGAINST DAEHYUN CHOI AND HYUN JOO KWAN**<br><br>**NOTED ON MOTION CALENDAR:**<br><br>**JANUARY 13, 2017**<br><br>**(Without Oral Argument)** |
| ALLSTATE INDEMNITY COMPANY, a Foreign Corporation, ALLSTATE INSURANCE COMPANY, a Foreign Corporation, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, a Foreign Corporation, and NORTHBROOK INDEMNITY COMPANY, a Foreign Corporation,<br><br>Third Party Plaintiffs,<br><br>vs.<br><br>DAEHYUN CHOI and HYUN JOO KWAN, husband and wife, and the marital community composed thereof, BESTWAY CHIROPRACTIC CLINIC CORPORATION, a Washington Corporation, DRDC CORPORATION INC., a Washington | |

Corporation, and GOOD CARE SPINE CLINIC CORPORATION, a Washington Corporation,

Third Party Defendants.

**COMES NOW** Defendant Allstate Fire and Casualty Insurance Company and Third Party Plaintiffs Allstate Indemnity Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company (hereinafter "Allstate"), by and through its attorneys of record, COLE, WATHEN, LEID, & HALL, P.C., and hereby submits the following Motion for Contempt re Debtors and Third Party Defendants Daehyun Choi and Hyun Joo Kwan for Refusal to Attend Judgment Depositions.

## I. RELIEF REQUESTED

Allstate respectfully requests that this Court enter an order:

1) Finding Daehyun Choi and Hyun Joo Kwan in Contempt for failing to appear at their deposition set on October 3, 2016, following the order of judgment issued by the Court;

2) Finding sanctions are appropriate for the reasonable attorney fees and costs incurred in bringing this motion, and the court reporter fees for appearing at the deposition on October 3, 2016;

3) Issuing a Bench Warrant for debtors Daehyun Choi and Hyun Joo Kwan.

## II. FACTS

On October 31, 2014, Allstate removed this action from Snohomish County Superior Court to this court. (Not. of Rem. (Dkt. # 1)) Plaintiff North Seattle Health Center Corporation had filed a complaint in state court against Defendant Allstate Fire & Casualty Insurance Company alleging claims for tortious interference with a contractual and business relationship and tortious interference with business expectancy. (Compl. (Dkt. # 1-1).) Allstate Fire &

Casualty Insurance Company filed an answer to Plaintiff's complaint that included counterclaims against Plaintiff for violation of Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86, common law civil fraud, violation of Washington's Criminal Profiteering Act, RCW ch. 9A.82, unjust enrichment, and piercing the corporate veil. (Ans. (Dkt. # 3-1) ¶¶ 7.1-10.8.) In the answer, Allstate also brought claims against Third-Party Defendants Daehyun Choi, Hyun Joo Kwan, DRDC Corporation, Inc., Bestway Chiropractic Clinic Corporation, and Good Care Spine Clinic Corporation. (*Id*. ¶ corporate practice of medicine doctrine, violation of the Professional Services Corporation Act, RCW ch. 18.100, violation of Washington's Anti-Rebate Statute, RCW ch. 19.68, violation of Washington's CPA, common law civil fraud, violation of Washington's Criminal Profiteering Act, unjust enrichment, and piercing the corporate veil. (*Id*. ¶¶ 15.1-22.8.)

Allstate alleged that Plaintiff and Third-Party Defendants were involved in the business of operating medical clinics. (*See, e.g.*, id. ¶¶ 6.5, 11.3, 12.4, 13.4, 14.3.) The Third-Party Defendant medical clinics were all allegedly owned and operated by the same individual. (*See, e.g.*, id. ¶ 11.2.) Allstate alleged that Plaintiff and the Third-Party Defendants engaged in duplicative billing practices for the services provided to their patients and unnecessary referrals to related clinics. (*See id.* ¶¶ 11.5, 17.5-17.6.)¶ 11.1-14.4.)

On August 25 and 27, 2015, Allstate moved for the entry of default against Plaintiff and Third-Party Defendants as a sanction for discovery violations and failure to abide by the court's prior orders. (*See* Mot. for Default (Dkt. # 34); Supp. Mot. for Default (Dkt. # 36).) On September 17, 2015, the court held a hearing concerning Allstate's motions for sanctions and

default based on Plaintiff's and Third-Party Defendants' failure to obtain counsel as ordered by the court and respond to Allstate's discovery requests. (*See* 9/17/15 Min. Entry (Dkt. # 38).) Neither Plaintiff, nor Third-Party Defendants responded to Allstate's motions or appeared at the September 17, 2015, hearing. (*See* id.; see generally Dkt.) At the hearing, the court granted Allstate's motions, dismissed Plaintiff's claims, and found Plaintiff and Third-Party Defendants in default. (9/17/15 Min. Entry.)

Allstate filed an amended motion for default judgment on February 16, 2016. (Am. Mot.). The amended motion for default judgment was granted on April 26th, 2016. Declaration of Jenna Goltermann (Goltermann Decl.), Exhibit A. Allstate sent subpoenas for depositions to both Daeyhun Choi and Hyun Joo Kwan for depositions on October 3, 2016. Goltermann Decl., Exhibits B & C. Both Daeyhun Choi and Hyun Joo Kwan failed to appear at their depositions with no explanation of their absence. Goltermann Decl., Exhibits D & E.

### III. ISSUES PRESENTED

- Should this Court order the Debtors in Contempt of court for failing to appear for their debtor depositions, as provided under RCW 6.32.010?

- Should this Court find sanctions are appropriate for the reasonable attorney fees and costs incurred in bringing this motion and the court reporter fees for appearing at the deposition on October 3, 2016?

- Should this Court issue a Bench Warrant for debtors Daeyhun Choi and Hyun Joo Kwan?

### IV. EVIDENCE RELIED UPON

A. Declaration of Jenna R. Goltermann, with attached Exhibits;

**COLE | WATHEN | LEID | HALL, P.C.**
303 Battery Street
Seattle Washington 98121
Phone: 206-622-0494 Fax: 206-587-2476

B. The pleadings and records previously filed in this action.

## V. LEGAL AUTHORITY

To find a party in civil contempt, the court must find that the offending party knowingly violated a definite and specific court order, and the moving party has the burden of showing the violation by clear and convincing evidence. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1190-91 (9th Cir. 2003). The burden then shifts to the contemnors to demonstrate why they were unable to comply. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). A person fails to act as ordered by the court when he fails to take all the reasonable steps within his power to insure compliance with the court's order. *Shuffler*, 720 F.2d at 1146-47 (internal quotations and citations omitted).

RCW 6.32.010 provides (in part):

At any time within ten years after entry of a judgment for the sum of twenty-five dollars or over, unless the time is extended in accordance with RCW 6.17.020(3), upon application by the judgment creditor such court or judge may, by an order, require the judgment debtor to appear at a specified time and place before the judge granting the order, or a referee appointed by the judge, to answer concerning the same; and the judge to whom application is made under this chapter may, if it is made to appear to him or her by the affidavit of the judgment creditor, his or her agent or attorney that there is danger of the debtor absconding, order the sheriff to arrest the debtor and bring him or her before the judge granting the order.

An entry of an order for judgment was entered against the Third Party Defendants on April 26, 2016. *See* Goltermann Decl., Exhibit A. The judgment exceeds the $25.00 threshold laid out in RCW 6.32.010, entitling Allstate to take an examination of the judgment debtor. This judgment examination was scheduled by Allstate for October 3, 2016. The Third Party Defendants were subpoenaed to appear for examination at the offices of Allstate's counsel. Goltermann Decl., Exhibits B & C. Both Daehyun Choi and Hyun Joo Kwan failed to appear at their judgment examinations, providing no explanation for their absences. Goltermann Decl. Exhibits E & F. Further, Allstate timely served Daehyun Choi and Hyun Joo Kwan with

1 amended Notices of Deposition. As such, they were aware and knew they were violating a
2 specific order of the Court by failing to appear for their depositions on October 3, 2016.

3 Both Daehyun Choi and Hyun Joo Kwan's testimony is clearly pertinent to the adversary proceeding. There can be no question that Allstate is entitled to take and complete debtor depositions in order to proceed with the collection process to attempt to satisfy their judgment.

Allstate further requests that sanctions be levied against the debtors in the amount of $2,500.00. Sanctions are appropriate in this matter as the Debtors actions to date have necessitated the need for further Court intervention. The Orders issued by this Court have been disregarded by the Debtors. Allstate has no choice but to seek a bench warrant by this Court to compel the attendance of the Debtors, and ensure their appearance at any future deposition. Any further delay only harms Allstate's ability to collect on its judgment, and allows the Debtors more time to further conceal assets. This Court should not condone these delay tactics.

## VI. CONCLUSION

Allstate respectfully requests that this Court find that Daehyun Choi and Hyun Joo Kwan are in contempt for failing to produce the Court Ordered documents and failing to appear for their depositions. Allstate further requests this Court find sanctions are appropriate for the reasonable attorney fees and costs incurred in bringing this motion and the court reporter fees for appearing at the deposition on October 3, 2013. Lastly, Allstate requests that this Court issue a Bench Warrant for debtors Daehyun Choi and Hyun Joo Kwan.

DATED this 28th day of December, 2016.

///

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle Washington 98121
Phone: 206-622-0494 Fax: 206-587-2476

COLE | WATHEN | LEID | HALL, P.C.

*/s/ Jenna R. Goltermann*
*/s/Rory W. Leid, III*
RORY W. LEID, III, WSBA #25075
JENNA R GOLTERMANN, WSBA #49935
Attorneys for Defendant American Commerce
303 Battery Street
Seattle, WA 98121-1419
T: 206-622-0494 / F: 206-587-2476

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following in the manner indicated:

| | |
|---|---|
| Daehyun Choi and Hyun Joo Kwan<br>North Seattle Health Center<br>4629 168th St. SW #B<br>Lynnwood, WA 98037 | VIA LEGAL PROCESS SERVICE |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 28th day of December, 2016, at Seattle, Washington.

*/s/ Kathleen M. Forgette*

Kathleen M. Forgette, Legal Assistant
kforgette@cwlhlaw.com