UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTH SEATTLE HEALTH CENTER CORPORATION,<br><br>　　　　　Plaintiff,<br>　v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. C14-1680JLR<br><br>ORDER TO SHOW CAUSE, RESERVING RULING ON MOTION FOR CONTEMPT, AND DENYING MOTION FOR INJUNCTION WITHOUT PREJUDICE |
| ALLSTATE INDEMNITY COMPANY, et al.,<br><br>　　　　　Third-Party Plaintiffs,<br>　v.<br><br>DAEHYUN CHOI, et al.,<br><br>　　　　　Third-Party Defendants. | |

//

//

ORDER - 1

## I. INTRODUCTION

Before the court are two motions by Defendant Allstate Fire and Casualty Insurance Company and Third-Party Plaintiffs Allstate Indemnity Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, "Allstate"): (1) Allstate's motion for contempt against Third-Party Defendants Daehyun Choi and Hyun Joo Kwan (Contempt Mot. (Dkt. # 66)), and (2) Allstate's motion for a preliminary injunction (PI Mot. (Dkt. # 69)). No party has responded to either motion. (*See generally* Dkt.) The court has considered the motions, all submissions related to the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court RESERVES RULING on Allstate's motion for contempt as more fully described below and DENIES Allstate's motion for a preliminary injunction without prejudice to re-filing if appropriate at a later date. The court also ORDERS Mr. Choi and Ms. Kwan to SHOW CAUSE why the court should not hold them in contempt for failure to appear at their October 3, 2016, depositions and SCHEDULES a show cause hearing for Monday, May 1, 2017, at 3:00 p.m.

## II. BACKGROUND

On October 4, 2014, Plaintiff North Seattle Health Center Corporation ("Health Center") filed a complaint in state court against Allstate alleging claims for tortious interference with a contractual and business relationship and tortious interference with a

---

[1] Allstate has not requested oral argument on either of its motions, and the court determines that oral argument is not necessary for the disposition of either motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

business expectancy. (*See* Compl. (Dkt. # 1-1) at 1.) On October 31, 2014, Allstate removed the lawsuit from Snohomish County Superior Court to this court. (Not. of Rem. (Dkt. # 1).) Allstate answered the complaint and included counterclaims for violation of Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86, common law civil fraud, violation of Washington's Criminal Profiteering Act, RCW ch. 9A.82, unjust enrichment, and piercing the corporate veil. (Ans. (Dkt. # 3-1) ¶¶ 7.1-10.8.) Allstate also brought third-party claims against Mr. Choi, Ms. Kwan, DRDC Corporation, Inc., Bestway Chiropractic Clinic Corporation ("Bestway"), and Good Care Spine Clinic Corporation ("Good Care") (collectively, "Third-Party Defendants") for violation of the corporate practice of medicine doctrine, violation of the Professional Services Corporation Act, RCW ch. 18.100, violation of Washington's Anti-Rebate Statute, RCW ch. 19.68, violation of the CPA, common law civil fraud, violation of Washington's Criminal Profiteering Act, unjust enrichment, and piercing the corporate veil. (*Id.* ¶¶ 11.1-22.8.)

On August 25 and 27, 2015, Allstate moved for the entry of default against the Health Clinic and Third-Party Defendants as a sanction for discovery violations and failure to abide by the court's prior orders. (*See* Mot. for Default (Dkt. # 34); Supp. Mot. for Default (Dkt. # 36).) On September 17, 2015, the court held a hearing on Allstate's motions for sanctions and the entry of default, which was based on the Health Clinic's and Third-Party Defendants' failure to obtain counsel as the court ordered and to respond to Allstate's discovery requests. (*See* 9/17/15 Min. Entry (Dkt. # 38).) Neither the Health Clinic nor Third-Party Defendants responded to Allstate's motions or appeared at

the September 17, 2015, hearing. (*See id.*; *see generally* Dkt.) At the hearing, the court granted Allstate's motions, dismissed the Health Clinic's claims, and found Plaintiff and Third-Party Defendants in default. (9/17/15 Min. Entry.)

On December 2, 2015, Allstate filed a motion for default judgment. (Mot. for DJ (Dkt # 41).) The court denied Allstate's motion on January 27, 2016, but without prejudice to re-filing an amended motion. (1/27/16 Order (Dkt. # 46).) Allstate filed an amended motion for default judgment on February 16, 2016 (Am. Mot. for DJ (Dkt. # 49)), which the court granted Allstate's amended motion for default judgment on April 26, 2016 (DJ Order (Dkt. # 64)). The court formally entered judgment the next day dismissing the Health Clinic's claims with prejudice and granting default judgment to Allstate in the amount of $374,147.96. (Judg. (Dkt. # 65).)

Allstate sent subpoenas to Mr. Choi and Ms. Kwan for depositions noted on October 3, 2016. (Goltermann Decl. (Dkt. # 67) ¶¶ 3-4, Exs. B, C.) Allstate hoped to obtain information from Mr. Choi and Ms. Kwan that would enable Allstate to collection upon and satisfy the default judgment it had obtained. (Contempt Mot. at 6.) Both Mr. Choi and Ms. Kwan failed to appear at their October 3, 2016, depositions and gave no explanation for their absence. (*See id.* ¶¶ 5-6, Exs. D, E; *see also* PI Mot. at 3-4 ("To date [March 6, 2017], Allstate has received no communications from either Daehyun Choi or Hyun Joo Kwan regarding their missed debtor depositions or attempting to reschedule for a later date.").)

Allstate asserts that following the inception of its claims against the Health Center and Third-Party Defendants, Mr. Choi and Ms. Kwan opened two new clinics—

Appletree Acupuncture Clinic ("Appletree") and Green Day Clinic ("Green Day")—"under the overarching umbrella" of the Health Center. (PI Mot. at 4.) Allstate argues that Mr. Choi and Ms. Kwan opened the new clinics to "shield assets from any judgments that might stem from Allstate's suit." (*Id.*)

In support of this assertion, Allstate submits copies of the articles of incorporation for both Appletree and Green Day. (2d Goltermann Decl. (Dkt. # 70) ¶¶ 7-8, Exs. F, G.) Appletree's articles of incorporation indicate that Appletree was incorporated by "Dae Hyun Choi," who is also serving as Appletree's registered agent at 4629 168th SW C4, Lynnwood, Washington. (*Id.* ¶ 8, Ex. G at 3.) The name "Dae Hyun Choi" is remarkably similar to Third-Party Defendant Daehyun Choi. Further, Mr. Choi's address on the court docket is listed as 4629 168th St., SW, STE B, Lynnwood, Washington. (*See* Dkt.) Although the suite numbers are distinct, the remainder of the address for Mr. Choi, as the registered agent of Appletree, corresponds to the address for Mr. Choi on the court's docket. (*Compare* 2d Goltermann Decl. Ex. G, *with* Dkt.)

The articles of incorporation for Green Day indicate that Green Day was incorporated by "Sung Jun Jung." (2d Goltermann Decl. ¶ 7, Ex. F at 3.) Allstate provides no explanation or evidence concerning the relationship, if any, between Sung Jun Jung and the Health Clinic or Third-Party Defendants. However, the address listed for Sung Jun Jung on Green Day's articles of incorporation is nearly identical to the

address provided for the Health Center and Third-Party Defendants on the court's docket.[2] (*Compare id.*, *with* Dkt.)

Finally, Allstate asserts that it "recently received information suggesting that Dr. Choi and Hyun Joo Kwan are in the process of selling their businesses and moving back to South Korea, likely to escape the payment of the Court ordered judgment to Allstate." (PI Mot. at 4.) Allstate, however, submits no evidence in support of this assertion. (*See generally* Dkt.)

On December 28, 2016, Allstate filed a motion for contempt against Mr. Choi and Ms. Kwan for their failure to appear at their debtors' depositions. (*See* Contempt Mot.) Allstate asked the court to award its reasonable attorneys' fees and costs in bringing the motion for contempt and the court reporter fees for the depositions at which Mr. Choi and Ms. Kwan failed to appear. (*Id.* at 6.) Allstate also asks the court to issue bench warrants for both Mr. Choi and Ms. Kwan. (*Id.*) On March 6, 2017, Allstate filed a motion for a preliminary injunction seeking an order from the court prohibiting Mr. Choi and Ms. Kwan, in either their personal capacities or in their capacities as owners of Third-Party Defendants, from selling any real property, personal property, or businesses. (*See* PI Mot.) The court now considers Allstate's motions.

//

//

//

---

[2] The only difference between the two addresses is that the suite number for Green Day is listed as "#B-3" (2d Goltermann Decl. ¶ 7, Ex. F at 2-3) and the suite number for the Health Clinic and Third-Party Defendants is listed as "B" on the court's docket (*see* Dkt.).

## III. ANALYSIS

**A. Allstate's Motion for Contempt**

Federal Rule of Civil Procedure 69(a)(2) provides in pertinent part:

> In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2). Rule 69 "is designed to 'allow the judgment creditor to identify assets from which the judgment may be satisfied.'" *NML Capital, Ltd. v. Republic of Argentina*, No. 2:14-cv-492-RFB-VCF, 2014 WL 3898021, at *3 (D. Nev. Aug. 11, 2014) (quoting 13 James W. Moore, et al., Moore's Federal Practice: Practice–Civil § 69.04 (2008)). Under Washington State law, a judgment creditor may require "the judgment debtor to appear at a specified time and place . . . to answer concerning the [judgment]." RCW 6.32.010. "The purpose of such proceedings is to make the judgment debtor answer concerning the extent and whereabouts of his or her property and, if possible, to enable the judgment creditor to locate nonexempt property belonging to the judgment debtor which may be applied to the debt." *Rainier Nat'l Bank v. McCracken*, 615 P.2d 469, 477 (Wash. Ct. App. 1980). Allstate followed the foregoing procedures under Rule 69(a)(2) and RCW 6.32.010 when it sent subpoenas to Mr. Choi and Ms. Kwan directing them to appear at depositions so that Allstate could inquire into the location of Mr. Choi's and Ms. Kwan's assets from which Allstate could satisfy its judgment. (*See* Goltermann Decl. ¶¶ 3-4, Exs. B, C.)

A court may employ civil contempt sanctions to coerce compliance with a court order. *See United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947). A court

should not impose civil contempt sanctions, however, without providing the alleged contemnor with notice and an opportunity to be heard on the propriety of a contempt order. *See U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). The party alleging civil contempt bears the burden to prove by clear and convincing evidence that the alleged contemnor violated a specific and definite court order by failing to take all reasonable steps within its power to comply. *See Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993); *Distribs. Ass'n Warehousemen's Pension Tr. Fund v. Foreign Trade Zone 3, Inc.*, No. C 05-1161 SBA, 2009 WL 975786, at *1 (N.D. Cal. Apr. 9, 2009). Once that party has met its burden, the burden shifts to the alleged contemnor to show that it has substantially complied with the court order, is unable to comply, or has based its noncompliance on a good faith and reasonable interpretation of the court's order. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *Dual-Deck*, 10 F.3d at 695; *Warehousemen's*, 2009 WL 975786, at *1. A subpoena issued by an attorney constitutes a court order, disobedience of which may warrant contempt sanctions. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983); Fed. R. Civ. P. 45.

Based on Allstate's submissions to the court, the conduct of Mr. Choi and Ms. Kwan in failing to appear at their depositions could constitute civil contempt. (*See* Contempt Mot.; Goltermann Decl. ¶¶ 5-6, Exs. D, E.); *Dual-Deck*, 10 F.3d at 695; *Pennwalt*, 708 F.2d at 494 n.5. Before the court may impose contempt sanctions, however, the court should provide Mr. Choi and Ms. Kwan with notice and an

opportunity to be heard on the propriety of a contempt order. *See Hyatt*, 621 F.3d at 694; *Mission Capital Works, Inc. v. SC Rests., Inc.*, No. C-07-1807 JLR, 2008 WL 3850523, at *6 (W.D. Wash. Aug. 18, 2008) (citing *Int'l Union , UMWA v. Bagwell*, 512 U.S. 821, 831-334 (1994) ("The procedure for civil contempt is to set an order to show cause hearing and to provide the contemnor an opportunity to respond and/or comply with the order."). Accordingly, the court reserves ruling on Allstate's contempt motion and sets a hearing for Monday, May 1, 2017, at 3:00 p.m., to provide Mr. Choi and Ms. Kwan with an opportunity to explain why they did not comply with the subpoenas that Allstate served upon them and did not attend their depositions. Indeed, the court orders Mr. Choi and Ms. Kwan to personally appear at the May 1, 2017, hearing.

The court also orders Allstate to personally serve Mr. Choi and Ms. Kwan with notice of the hearing and a copy of this order by the same means that Allstate served Mr. Choi and Ms. Kwan with the subpoenas that provided them with notice of their October 3, 2016, depositions. *See* Fed. R. Civ. P. 45(b). Allstate shall personally serve Mr. Choi and Ms. Kwan with a copy of this order and notice of the May 1, 2017, hearing as soon as practicable but not later than Monday, April 24, 2017, and Allstate shall file proof of its service on the court's docket. If Allstate is unable to serve Mr. Choi or Ms. Kwan by April 24, 2017, Allstate shall so notify the court in writing on the docket. If Mr. Choi and Ms. Kwan fail to appear, or appear and cannot adequately explain why they did not comply with the subpoenas they each received, the court may find them in contempt of court for failing to attend their depositions. *See Pennwalt*, 708 F.2d at 494 n.5 ("[A] subpoena duces tecum is itself a court order, and noncompliance may warrant contempt

sanctions."). In addition, if Mr. Choi or Ms. Kwan fail to appear at the May 1, 2017, hearing, the court may find one or both of them in contempt for defying the court's order to attend the hearing.

### B. Allstate's Motion for a Preliminary Injunction

Allstate also moves for the entry of a preliminary injunction. (*See* PI Mot.) However, because Allstate is "requesting an injunction post-judgment, a permanent injunction is appropriate," rather than a preliminary injunction. *FDIC v. Lewis*, No. 2:10-CV-439 JCM (VCF), 2016 WL 58966, at *2 (D. Nev. Feb. 10, 2016). "[A]n injunction is an equitable remedy . . . [that] should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). Injunctions are "granted sparingly and under strict rules for protection of all parties." *Id.* A party who seeks a permanent injunction must show (1) it has suffered irreparable injury; (2) remedies at law are inadequate to compensate it for that injury; (3) a remedy in equity is warranted in light of balancing the hardships between the plaintiff and defendant; and (4) the public interest would not be disserved by a permanent injunction. *See id.*; *see also eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 390 (2006).

After considering the factors necessary to obtain an injunction, the court finds that imposing such a drastic remedy at this time would be premature. Allstate has not shown that it has suffered an irreparable injury. Indeed, although Allstate provides evidence that Mr. Choi has established a new clinic on the site of the old one (*see* 2d Goltermann Decl.

¶¶ 7-8, Exs. F, G.), Allstate has not shown that Mr. Choi or Ms. Kwan improperly diverted or disguised any assets. Allstate asserts that it "recently received information suggesting that Dr. Choi and Hyun Joo Kwan are in the process of selling their businesses and moving back to South Korea, likely to escape the payment of the Court ordered judgment to Allstate." (PI Mot. at 4.) However, Allstate provides no evidence to support this assertion. The court declines to impose the extraordinary equitable remedy of an injunction on so flimsy a showing.

Further, judgment creditors have several avenues of legal recourse available before the court will resort to a permanent injunction. For example, in *United States v. Grant*, the court entered a permanent injunction against a defendant for failing to repatriate assets held in two offshore accounts, but only after the judgment debtor had ignored a repatriation order, a show cause order, and been held in civil contempt. *See United States v. Grant*, No. 00-08986-CIV, 2013 WL 1729380, at *10 (S.D. Fla. Apr. 22, 2013). The court is not at the point in this litigation where entry of an injunction would be appropriate. Although the court now orders Mr. Choi and Ms. Kwan to show cause, and the court will hold a contempt hearing on May 1, 2017, the court has not yet found either Mr. Choi or Ms. Kwan in contempt. The court will make that determination at the May 1, 2017, hearing after Mr. Choi and Ms. Kwan have an opportunity to respond. Thus, the court denies Allstate's motion for an injunction because it lacks a sufficient evidentiary foundation and is premature. However, the court's denial is without prejudice to Allstate re-filing a motion seeking an injunction at a later date if appropriate.

//

## IV. CONCLUSION

For the reasons set forth in this order, the court ORDERS Mr. Choi and Ms. Kwan to SHOW CAUSE why the court should not hold them in civil contempt for failing to appear at their October 3, 2016, depositions. In addition, the court sets a hearing for Monday, May 1, 2017, at 3:00 p.m., at which time the parties may present testimony or other evidence relevant to the court's consideration of civil contempt. Further, the court ORDERS (1) Allstate to provide Mr. Choi and Ms. Kwan with notice of the hearing as described in this order, and (2) Mr. Choi and Ms. Kwan to personally appear at the May 1, 2017, hearing. Thus, the court RESERVES RULING on Allstate's motion for contempt (Dkt. # 66) until after the May 1, 2017, hearing, and DIRECTS the Clerk to re-note Allstate's motion for contempt to May 1, 2017. Finally, the court DENIES Allstate's motion for an injunction (Dkt. # 69) without prejudice to re-filing at a later date if appropriate.

Dated this 11th day of April, 2017.

JAMES L. ROBART
United States District Judge