UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTH SEATTLE HEALTH CENTER CORPORATION,

    Plaintiff,

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,

    Defendant.

ALLSTATE INDEMNITY COMPANY, et al.,

    Third-Party Plaintiffs,

v.

DAEHYUN CHOI, et al.,

    Third-Party Defendants.

CASE NO. C14-1680JLR

ORDER REGARDING MOTION FOR CONTEMPT

//

//

ORDER - 1

## I. INTRODUCTION

Before the court is Defendant Allstate Fire and Casualty Insurance Company and Third-Party Plaintiffs Allstate Indemnity Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company's (collectively, "Allstate") motion for contempt against Third-Party Defendants Daehyun Choi and Hyun Joo Kwan (Contempt Mot. (Dkt. # 66)) and the court's order to show cause why the court should not hold Mr. Choi and Ms. Kwan in contempt for failure to appear at their October 3, 2016, depositions (OSC (Dkt. # 72)). Neither Mr. Choi nor Ms. Kwan responded to Allstate's motion or to the court's order to show cause. (*See generally* Dkt.) The court held a hearing on Allstate's motion and the court's order to show cause on May 18, 2017, at 3:00 p.m. (Min. Entry (Dkt. # 85).) Allstate appeared through counsel. (*Id.*) Ms. Kwan appeared *pro se* at the hearing. (*Id.*) Mr. Choi failed to appear. (*See id.*) The court has considered Allstate's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part Allstate's motion, FINDS Mr. Choi to be in civil contempt of court, ISSUES a bench warrant for Mr. Choi's arrest as described herein, AWARDS Allstate its attorney's fees and costs as described herein, and ORDERS Ms. Kwan to appear for her supplemental proceedings deposition on May 19, 2017, at 10:00 a.m.

## II. BACKGROUND

On October 4, 2014, Plaintiff North Seattle Health Center Corporation ("Health Center") filed a complaint in state court against Allstate alleging claims for tortious interference with a contractual and business relationship and tortious interference with a

business expectancy. (*See* Compl. (Dkt. # 1-1) at 1.) On October 31, 2014, Allstate removed the lawsuit from Snohomish County Superior Court to this court. (Not. of Rem. (Dkt. # 1).) Allstate answered the complaint and included counterclaims for violation of Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86, common law civil fraud, violation of Washington's Criminal Profiteering Act, RCW ch. 9A.82, unjust enrichment, and piercing the corporate veil. (Ans. (Dkt. # 3-1) ¶¶ 7.1-10.8.) Allstate also brought third-party claims against Mr. Choi, Ms. Kwan, DRDC Corporation, Inc., Bestway Chiropractic Clinic Corporation ("Bestway"), and Good Care Spine Clinic Corporation ("Good Care") (collectively, "Third-Party Defendants") for violation of the corporate practice of medicine doctrine, violation of the Professional Services Corporation Act, RCW ch. 18.100, violation of Washington's Anti-Rebate Statute, RCW ch. 19.68, violation of the CPA, common law civil fraud, violation of Washington's Criminal Profiteering Act, unjust enrichment, and piercing the corporate veil.[1] (*Id.* ¶¶ 11.1-22.8.)

On August 25 and 27, 2015, Allstate moved for the entry of default against the Health Clinic and Third-Party Defendants as a sanction for discovery violations and failure to abide by the court's prior orders. (*See* Mot. for Default (Dkt. # 34); Supp. Mot. for Default (Dkt. # 36).) On September 17, 2015, the court held a hearing on Allstate's

---

[1] During the course of the court's May 18, 20187 contempt hearing, Ms. Kwan asserted that she was unaware that Allstate had brought any claims against her personally in this lawsuit. Ms. Kwan, however, appeared in this suit through counsel on December 11, 2014 (Not. of App. (Dkt. # 12)), and her counsel filed an answer to Allstate's third-party claims against her on January 15, 2015 (Ans. to CCs and 3rd Party Claims (Dkt. # 14)).

motions for sanctions and the entry of default, which was based on the Health Clinic's and Third-Party Defendants' failure to obtain counsel as the court ordered and to respond to Allstate's discovery requests. (*See* 9/17/15 Min. Entry (Dkt. # 38).) Neither the Health Clinic nor Third-Party Defendants responded to Allstate's motions or appeared at the September 17, 2015, hearing. (*See id.*; *see generally* Dkt.) At the hearing, the court granted Allstate's motions, dismissed the Health Clinic's claims, and found Plaintiff and Third-Party Defendants in default. (9/17/15 Min. Entry.)

On December 2, 2015, Allstate filed a motion for default judgment. (Mot. for DJ (Dkt # 41).) The court denied Allstate's motion on January 27, 2016, without prejudice to re-filing an amended motion. (1/27/16 Order (Dkt. # 46).) Allstate filed an amended motion for default judgment on February 16, 2016 (Am. Mot. for DJ (Dkt. # 49)), and the court granted Allstate's amended motion on April 26, 2016 (DJ Order (Dkt. # 64)). The court formally entered judgment the next day dismissing the Health Clinic's claims with prejudice and granting default judgment to Allstate in the amount of $374,147.96. (Judg. (Dkt. # 65).)

Allstate sent subpoenas to Mr. Choi and Ms. Kwan for supplemental proceeding depositions, which Allstate noted for October 3, 2016. (Goltermann Decl. (Dkt. # 67) ¶¶ 3-4, Exs. B, C; *see also* Leid Decl. (Dkt. # 83) ¶¶ 3-6, Exs. A-D.) Allstate hoped to obtain information from Mr. Choi and Ms. Kwan that would enable Allstate to collection upon and satisfy the default judgment it had obtained. (Contempt Mot. at 6.) Both Mr. Choi and Ms. Kwan failed to appear at their October 3, 2016, depositions and gave no explanation for their absence. (*See* Golterman Decl. ¶¶ 5-6, Exs. D, E; Leid Decl. ¶¶ 7-8,

Exs. E, F; *see also* PI Mot. (Dkt. # 69) at 3-4 ("To date [March 6, 2017], Allstate has received no communications from either Daehyun Choi or Hyun Joo Kwan regarding their missed debtor depositions or attempting to reschedule for a later date.").)

Allstate asserts that after instituting claims against the Health Center and Third-Party Defendants, Mr. Choi and Ms. Kwan opened two new clinics—Appletree Acupuncture Clinic ("Appletree") and Green Day Clinic ("Green Day")—"under the overarching umbrella" of the Health Center. (PI Mot. at 4.) Allstate argues that Mr. Choi and Ms. Kwan opened the new clinics to "shield assets from any judgments that might stem from Allstate's suit." (*Id.*)

In support of this assertion, Allstate submits copies of the articles of incorporation for both Appletree and Green Day. (2d Goltermann Decl. (Dkt. # 70) ¶¶ 7-8, Exs. F, G.) Appletree's articles of incorporation indicate that Appletree was incorporated by "Dae Hyun Choi," who is also serving as Appletree's registered agent at 4629 168th SW C4, Lynnwood, Washington. (*Id.* ¶ 8, Ex. G at 3.) The name "Dae Hyun Choi" is remarkably similar to Third-Party Defendant Daehyun Choi. Further, Mr. Choi's address on the court docket is listed as 4629 168th St. SW, STE B, Lynnwood, Washington. (*See* Dkt.) Although the suite numbers are distinct, the remainder of the address for Mr. Choi, as Appletree's registered agent, corresponds to the address for Mr. Choi on the court's docket. (*Compare* 2d Goltermann Decl. Ex. G, *with* Dkt.)

The articles of incorporation for Green Day indicate that Green Day was incorporated by "Sung Jun Jung." (2d Goltermann Decl. ¶ 7, Ex. F at 3.) Allstate provides no explanation or evidence concerning the relationship, if any, between Sung

Jun Jung and the Health Clinic or Third-Party Defendants. However, the address listed for Sung Jun Jung on Green Day's articles of incorporation is nearly identical to the address provided for the Health Center and Third-Party Defendants on the court's docket.[2] (*Compare id.*, *with* Dkt.)

Finally, Allstate asserts that it "recently received information suggesting that [M]r. Choi and [Ms.] Kwan are in the process of selling their businesses and moving back to South Korea, likely to escape the payment of the Court ordered judgment to Allstate." (PI Mot. at 4.) Allstate, however, submits no evidence to support this assertion.[3] (*See generally* Dkt.)

On December 28, 2016, Allstate filed a motion for contempt against Mr. Choi and Ms. Kwan for their failure to appear at their debtors' depositions. (*See* Contempt Mot.) Allstate asked the court to award its reasonable attorneys' fees and costs in bringing the motion for contempt and the court reporter fees for the depositions at which Mr. Choi and Ms. Kwan failed to appear. (*Id.* at 6.) Allstate also asks the court to issue bench warrants for both Mr. Choi and Ms. Kwan. (*Id.*) Allstate personally served this motion on Mr. Choi and Ms. Kwan at the address for their clinic, which is the only address that they have provided to the court. (*See* Supp. Mem. (Dkt. # 82) at 3; Leid Decl. ¶¶ 9-10, Exs. G, H.) On March 6, 2017, Allstate filed a motion for a preliminary injunction seeking an

---

[2] The only difference between the two addresses is that the suite number for Green Day is listed as "#B-3" (2d Goltermann Decl. ¶ 7, Ex. F at 2-3) and the suite number for the Health Clinic and Third-Party Defendants is listed as "B" on the court's docket (*see* Dkt.).

[3] At the court's May 18, 2017, civil contempt hearing, Ms. Kwan stated that she believed that Mr. Choi was either presently in Korea or Vietnam, but she was not sure.

order from the court prohibiting Mr. Choi and Ms. Kwan, in either their personal capacities or in their capacities as owners of Third-Party Defendants, from selling any real property, personal property, or businesses. (*See* PI Mot.) Allstate also personally served this motion on Mr. Choi, who accepted personal service for both himself and his wife, Ms. Kwan. (Supp. Mem. at 3; Leid Decl. ¶ 11, Ex. I.)

On April 11, 2017, the court denied Allstate's motion for a preliminary injunction[4] and reserved ruling on Allstate's motion for contempt pending a hearing on the contempt motion and an opportunity for Mr. Choi and Ms. Kwan to be heard on the propriety of a finding of civil contempt. (OSC (Dkt. # 72) at 7-11.) In the same ruling, the court issued an order to show cause to Mr. Choi and Ms. Kwan, directing them to appear at a hearing on May 1, 2017, at 3:00 p.m. to explain to the court why they did not comply with the subpoenas that Allstate served upon them and did not attend their depositions. (*Id.* at 9.) The court specifically warned Mr. Choi and Ms. Kwan that the court could find them in contempt for failing to appear at the May 1, 2017, hearing. (*Id.* at 10.)

Mr. Choi and Ms. Kwan are *pro se* parties to this litigation[5] and receive notice of the court's orders through the United States Postal Service.[6] (*See, e.g.*, Dkt. ## 72

---

[4] The court denied Allstate's motion for an injunction without prejudice to refiling the motion if appropriate at a later date. (OSC (Dkt. # 72) at 2, 10-12.)

[5] Ms. Kwan's and Mr. Choi's counsel moved to withdraw from their representation on July 1, 2015 (MTW (Dkt. # 22)), and the court granted the motion to withdraw on August 5, 2015 (Min. Entry (Dkt. # 29)). Since that time, Ms. Kwan and Mr. Choi have been *pro se* parties. (*See generally* Dkt.)

[6] Despite their *pro se* status, Mr. Choi and Ms. Kwan are responsible for providing the court with "notice of any change in address, telephone number, or e-mail address." Local Rules

(indicating that a copy of the order was sent to "pro se parties via USPS"), 76 (same).) Nevertheless, in recognition of Mr. Choi's and Ms. Kwan's *pro se* status and to ensure that they received notice of the contempt hearing, the court also required Allstate to serve Mr. Choi and Ms. Kwan with copies of the court's order. (OSC at 9.) Allstate successfully completed service of the court's order on Mr. Choi at his clinic (Choi Aff. of Serv. (Dkt. # 73)), and Allstate also left copies of the court's order for Ms. Kwan with Mr. Choi, who is her husband (Kwan Aff. of Serv. (Dkt. # 74)).

On April 25, 2017, the court issued an order rescheduling the May 1, 2017, show cause hearing to May 18, 2017, due to circumstances outside of the court's control. (4/25/17 Order (Dkt. # 76) at 2.) The court again ordered Allstate to serve a copy of the court's order upon Mr. Choi and Ms. Kwan. (*Id.*) The court also expressly ordered Ms. Kwan and Mr. Choi to "appear at the May 18, 2017, hearing and show cause why the court should not . . . hold them in civil contempt for failing to comply with the subpoenas that Allstate served upon them and for failing to attend their October 3, 2016, depositions." (*Id.* at 3 (citing OSC at 7-10).) Allstate could not complete personal service of the court's April 25, 2017, order on Ms. Kwan or Mr. Choi. (*See* Kohenberger Aff. (Dkt. # 77).) However, Allstate's process server spoke with the receptionist at Mr. Choi's and Ms. Kwan's clinic, which is located at the only address that they have supplied to the court. (*Id.*) The receptionist at the clinic told Allstate's process server that Mr. Choi had moved outside of the United States and "is not coming back." (*Id.*)

---

W.D. Wash. LCR 10(f). The address they provided to the court is the same address as the Health Center. (*See* Dkt.)

On May 1, 2017, Allstate's process server left copies of the order at Mr. Choi and Ms. Kwan's clinic with the receptionist. (Sisk Aff. (Dkt. # 78).)

On May 10, 2017, Ms. Kwan telephoned Allstate's counsel. (Leid Decl. ¶ 12.) Allstate's counsel told Ms. Kwan that her attendance at the May 18, 2017, hearing was mandatory. (*Id.*) She stated that she was aware of the hearing; however, she did not know if she would appear. (*Id.*)

### III. ANALYSIS

**A. Allstate's Motion for Contempt**

Federal Rule of Civil Procedure 69(a)(2) provides in pertinent part:

> In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2). Rule 69 "is designed to 'allow the judgment creditor to identify assets from which the judgment may be satisfied.'" *NML Capital, Ltd. v. Republic of Argentina*, No. 2:14-cv-492-RFB-VCF, 2014 WL 3898021, at *3 (D. Nev. Aug. 11, 2014) (quoting 13 James W. Moore, et al., Moore's Federal Practice: Practice–Civil § 69.04 (2008)). Under Washington State law, a judgment creditor may require "the judgment debtor to appear at a specified time and place . . . to answer concerning the [judgment]." RCW 6.32.010. "The purpose of such proceedings is to make the judgment debtor answer concerning the extent and whereabouts of his or her property and, if possible, to enable the judgment creditor to locate nonexempt property belonging to the judgment debtor which may be applied to the debt." *Rainier Nat'l Bank v. McCracken*, 615 P.2d 469, 477 (Wash. Ct. App. 1980). Allstate followed the foregoing procedures

under Rule 69(a)(2) and RCW 6.32.010 when it sent subpoenas to Mr. Choi and Ms. Kwan directing them to appear at depositions so that Allstate could inquire into the location of Mr. Choi's and Ms. Kwan's assets from which Allstate could satisfy its judgment. (*See* Goltermann Decl. ¶¶ 3-4, Exs. B, C.)

A court may employ civil contempt sanctions to enforce compliance with a court order. *See United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947). A court should not impose civil contempt sanctions, however, without providing the alleged contemnor with notice and an opportunity to be heard on the propriety of a contempt order. *See U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). The party alleging civil contempt bears the burden to prove by clear and convincing evidence that the alleged contemnor violated a specific and definite court order by failing to take all reasonable steps within its power to comply. *See Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993); *Distribs. Ass'n Warehousemen's Pension Tr. Fund v. Foreign Trade Zone 3, Inc.*, No. C 05-1161 SBA, 2009 WL 975786, at *1 (N.D. Cal. Apr. 9, 2009). Once that party has met its burden, the burden shifts to the alleged contemnor to show that it has substantially complied with the court order, is unable to comply, or has based its noncompliance on a good faith and reasonable interpretation of the court's order. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *Dual-Deck*, 10 F.3d at 695; *Warehousemen's*, 2009 WL 975786, at *1. A subpoena issued by an attorney constitutes a court order, disobedience of which may warrant contempt

//

sanctions. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983); Fed. R. Civ. P. 45.

As an initial matter, the court finds that both Mr. Choi and Ms. Kwan were provided adequate notice of the show cause hearing. Both received notice of the court's initial April 11, 2017, order to show cause because Clerk's office personnel mailed a copy of the order to Mr. Choi and Ms. Kwan at the address they provided to the court. (*See* Dkt. # 72 (indicating that a copy of the order was sent to the *pro se* parties via USPS)); *see Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) (holding in the context of removal proceedings that "[t]he government satisfies notice requirements 'by mailing notice of the hearing to . . . the address last provided.'" (citation omitted)). In addition, Allstate personally served this order on both Mr. Choi and Ms. Kwan. (Choi Aff. of Serv.; Kwan Aff. of Serv.) Although Allstate was unable to personally serve Mr. Choi and Ms. Kwan with the court's April 25, 2017, order, which rescheduled the hearing to May 18, 2017, the court finds that Mr. Choi and Ms. Kwan received sufficient notice of this order as well. Like the court's April 11, 2017, order, personnel in the Clerk's office mailed the court's April 25, 2017, order to both Mr. Choi and Ms. Kwan at the last known address that Mr. Choi and Ms. Kwan provided to the court. (*See* Dkt. # 76 (indicating that a copy of the order was sent to the *pro se* parties via USPS)); *see also* Local Rules W.D. Wash. LCR 10(f) (placing the responsibility on *pro se* parties for notifying the court of any change in their address, telephone number, or email address). In addition, Ms. Choi admitted to Allstate's counsel that she had received notice of the show cause hearing. (Leid Decl. ¶ 12.)

Mr. Choi failed to appear at the court's show cause hearing on May 18, 2017. Accordingly, he provided no explanation for his failure to adhere to the subpoena Allstate served upon him or for his failure to appear at his deposition. Based on the foregoing authorities and Allstate's submissions to the court, the court finds that Allstate has met its burden of demonstrating by clear and convincing evidence that Mr. Choi's conduct in failing to comply with the subpoenas and to appear at his deposition constitutes civil contempt. (*See* Contempt Mot.; Goltermann Decl. ¶¶ 5-6, Exs. D, E.); *Dual-Deck*, 10 F.3d at 695; *Pennwalt*, 708 F.2d at 494 n.5.

In addition, Mr. Choi's failure to appear at the May 18, 2017, show cause hearing violates the court's April 21, 2017, and April 25, 2017, orders. (*See* OSC at 9-10; 4/25/17 Order at 2-3.) The court warned Mr. Choi that the court could also find him in contempt if he defied the court's order to attend the show cause hearing. (OSC at 10.) Accordingly, the court finds that Mr. Choi's violation of the court's April 11, 2017, and April 25, 2017, orders is an independent ground upon which to find Mr. Choi in civil contempt.

Ms. Kwan appeared *pro se* at the May 18, 2017, contempt hearing. During the course of the hearing, Ms. Kwan agreed to appear for her supplemental proceedings deposition at 10:00 a.m. on May 19, 2017. Accordingly, the court declines to find Ms. Kwan in civil contempt of court. The court, however, warned Ms. Kwan that if she fails without justification to appear for her May 19, 2017, supplemental proceedings deposition, the court would find her in civil contempt and issue a bench warrant for her arrest.

In light of these contempt findings, Allstate asks the court for two remedies: (1) an award the reasonable attorney's fees and costs Allstate incurred in bringing the motion for contempt and for appearing at the October 3, 2017, depositions, and (2) the issuance of a bench warrant for Mr. Choi. (Contempt Mot. at 4.) The court awards Allstate its reasonable attorney's fees and costs as requested. The court orders Allstate to submit a separate motion within 14 days of the date of this order that provides the court with an accounting of those fees and costs so that the court may assess their reasonableness under the *Kerr* factors.[7] Once the court determines the amount of Allstate's reasonable fees and costs, the court will add this amount to the judgment in this case. The court also grants Allstate's request for the issuance of a bench warrant for Mr. Choi's arrest.[8]

## IV. CONCLUSION

For the reasons set forth in this order, the court FINDS Mr. Choi to be in civil contempt of this court.

The court AWARDS Allstate its reasonable attorney's fees and costs for appearing at the depositions of Ms. Choi and Mr. Kwan and for bringing Allstate's motion for contempt. The court ORDERS Allstate to submit a motion within 14 days of the date of this order with an accounting of those fees and costs so that the court may assess their reasonableness and award a specific amount.

//

---

[7] *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

[8] The court's power of civil contempt includes the power to issue a bench warrant for a contemnor's arrest. *See Perry v. O'Donnell*, 795 F.2d 702, 706 (9th Cir. 1985).

Further, the court ISSUES a bench warrant for the arrest of Mr. Choi to compel his appearance before this court and his compliance with the deposition subpoena Allstate served on him. Following his arrest, Mr. Choi is to be brought immediately before this court to address the court's order to show cause and Allstate's contempt motion. If the court is not immediately available to conduct a civil contempt hearing following Mr. Choi's arrest, Mr. Choi shall be incarcerated until such time as the court can conduct a civil contempt hearing.

Finally, the court ORDERS Ms. Kwan to appear for her supplemental proceedings deposition with Allstate on May 19, 2017, at 10:00 a.m. The court warns Ms. Kwan that if she fails to appear for her deposition, the court may find her in civil contempt of court and issue a bench warrant for her arrest.

Dated this 19th day of May, 2017.

JAMES L. ROBART
United States District Judge